GARCÍA *v.* THE AMERICAN RAILROAD COMPANY OF PORTO RICO.

APPEAL from the District Court of Mayagüez.

Motion to dismiss appeal.

No. 734.—Decided October 10, 1911.

DISMISSAL OF APPEAL—FILING TRANSCRIPT OF RECORD OUT OF TIME.—In the case at bar appellee moved for the dismissal of the appeal on the ground that the transcript of the record was filed after the expiration of the 30 days allowed by law. *Held:* That the appellant having been served with notice of the motion to dismiss the appeal after the transcript was already on file in the office of the secretary the appeal will not be dismissed, in accordance with rule 58 of this court, which provides that if the transcript of the record, though not filed within the time prescribed, be on file in the secretary's office at the time such notice is given, that fact shall be sufficient answer to the motion.

ID.—DELIVERY OF LITERAL COPY OF TRANSCRIPT OF RECORD TO APPELLEE—LEGAL FORMALITY NOT AFFECTING JURISDICTION.—The appellee moved for the dismissal of this appeal on the ground that he had not been served with a literal copy of the transcript of the record, and that the records do not contain a certificate of the service. *Held:* That under the last paragraph of section 299 of the Code of. Civil Procedure, as amended by Act No. 70 of March 9, 1911, it appears that the certificate of the service upon the appellee of a literal copy of the transcript of the record is not an essential and integral part of the transcript, but a mere legal formality which does not affect the jurisdiction of this court and the omission of which may be remedied in time, as it was in the case at bar; and therefore the dismissal of the appeal on this ground is not proper.

The facts are stated in the decision.

*Mr. José Benet* for petitioner.

· *Messrs. N. B. K. Pettingill* and *Fernando Vázquez* for adverse party.

### DECISION.

The plaintiff and appellee, Dolores García Nazario, on August 14 last, filed a motion for the dismissal of an appeal taken by the defendant, The American Railroad Company of Porto Rico, from the judgment rendered in this suit, and as grounds therefor alleged the following: First. That the appellant has allowed the legal term granted for filing the transcript of the record to expire; and, second, that the appellee has not been served with a copy of the transcript of the record, which service should appear by means of the certificate referred to in the last paragraph of section 299 of the Code of Civil Procedure, as amended by Act No. 70 of March 9 of the present year.

It appears that the judgment of the court below was rendered and entered on December 21, 1910, and that the appeal and notice thereof to the adverse party was filed on the 30th of the same month. The statement of the case was approved on May 3 of the present year and the transcript of the record was filed in the office of the secretary of this court on August 4 last, but with nothing to show that service of a literal copy thereof had been made upon the appellee.

The last paragraph of section 299 of the Code of Civil Procedure, as amended, reads:

"The record of an appeal shall be constituted by the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal. Said certificate shall be filed in the office of the secretary of the Supreme Court within the next thirty days following that on which the bill of exceptions and summary of the case was (*sic*) approved with a declaration that a literal copy of the same, certified to by the counsel for the appellant, has been delivered to the counsel for the appellees."

A copy of the transcript of the record was delivered to

counsel for the appellee on September 7 after the motion and the transcript of the record had been filed in the office of the secretary and prior to the second of the present month, upon which date the motion was heard.

Upon examination of the legal provision above transcribed, we are of the opinion that the certificate of the delivery of the transcript of the record to the appellee is not an essential and integral part of the record, inasmuch as according to the wording of said legal provision the record of an appeal shall consist of the certificate to be issued by the secretary of the trial court, of the judgment roll, and of the notification of the appeal. The showing that counsel for the appellee had been served with a literal copy of the transcript of the record is a legal formality which does not affect the jurisdiction of this court, and its omission may be remedied in time to avoid its being prejudicial to the rights of the appellee who in this case has suffered no injury inasmuch as she received a copy of the transcript of the record on September 7 last, when this court was in vacation, and therefore had sufficient time in which to prepare her case.

Briefly, we are of the opinion that as the appellee was notified of the motion in question on August 11, 1911, when the record had already been filed in the secretary's office since the eighth of the same month, we may apply rule 58 of this court which provides that if the transcript of the record, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be a sufficient answer to the motion; and as, on the other hand, the certificate of the delivery of a copy of the record to the appellee is not an essential element of the record, and the omission of such certificate has been remedied without prejudice to the appellee, the motion cannot be sustained on the second of the grounds alleged.

For the foregoing reasons the motion of the appellee is overruled and the appeal sustained.

*Motion overruled.*

Chief Justice Hernández and Justices MacLeary, Wolf, del Toro, and Aldrey concurred.